## PHILLIPS' ADM'R *vs.* PHILLIPS.

[BILL IN EQUITY FOR CANCELLATION OF GIFT, ON GROUND OF FRAUD
UNDUE INFLUENCE, &C.]

1. *Revision of chancellor's decree on question of fact.*—The appellate
court will not reverse the decision of the chancellor on a question of
fact, unless satisfied that there was a decided preponderance of the
evidence against the conclusion attained by him.

APPEAL from the Chancery Court at Troy.
Heard before the Hon. M. J. SAFFOLD.

THE bill in this case was filed, on the 28th March, 1855,
by William G. Phillips, as the administrator of the estate
of William Phillips, deceased, against Tabitha Phillips,
who was the daughter of said decedent, and William Phil-
lips, jr., and Greenberry Phillips, who were the illegitimate
children of said Tabitha; and sought to cancel and set
aside, on the grounds of fraud, undue influence, and men-
tal incapacity, three deeds of gift, by which said decedent,
a few months before his death, conveyed to his said grand-
sons certain lands, slaves, and other property. Answers
were filed by Tabitha Phillips and the guardian *ad litem* of
the other defendants, denying the charges of fraud, undue
influence, &c., and insisting on the validity of the deeds of
gift. On final hearing, on pleadings and proof, the chan-
cellor dismissed the bill; and his decree is now assigned as
error.

MARTIN, BALDWIN & SAYRE, for appellant.
PUGH & BULLOCK, *contra.*

R. W. WALKER, J.—Appellate courts are wisely re-
luctant to disturb the decisions of a chancellor upon mere
questions of fact. In the present case, the *onus* was upon
the complainant to establish the charges of the bill; and
we would be unwilling to reverse the decree of the chan-

cellor, unless satisfied that there was a decided preponder-
ance of the evidence against the conclusions adopted by
him. As is not unusual in cases of this sort, the conflict in
the evidence is considerable. Undoubtedly, there is a
good deal of testimony which tends strongly to establish
the donor's mental incapacity ; but no inconsiderable por-
tion of this proceeds from witnesses whose credit has been
successfully impeached. On the other hand, quite a num-
ber of witnesses sustain the capacity of the donor, and the
testimony of some of them is very emphatic and satisfac-
tory. On the whole, we are not so well convinced that the
chancellor erred in his decision upon the question of fact
submitted to him, that we are willing to reverse his decree ;
and it must, therefore, be affirmed.