# GORDON *vs.* JONES ET AL.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Revision of chancellor's decree on question of fact.*—The appellate court will not reverse the decision of the chancellor, upon a mere question of fact, unless fully convinced of his error.

APPEAL from the Chancery Court of Lowndes. Heard before Hon. N. W. COCKE.

THE bill in this cause was filed on 9th April, 1866, by Francis Gordon, jr., against John Ellsberry and J. H. Jones, and sought to enforce the vendor's lien for the purchase-money of a tract of land. According to the allegations of the bill, and the answers of defendants, the land was sold by T. J. Middleton to said J. H. Jones, on the 8th July, 1862, and Jones paid for the same, $7,050 cash, and gave his two notes for $3,000 each, for balance of the purchase-money, one payable in January, 1864, and the other in January, 1865. Said Middleton and wife made a deed to Jones for the land on the day of the trade, and in this deed acknowledged the receipt of the full amount of the purchase-money. Jones went into the possession of the land and cultivated it, and continued in possession until he sold to Ellsberry, the defendant, on the 3d August, 1864, who immediately went into possession of said land, and was in possession at the time of the filing of the bill. Before the maturity of the note due in January, 1864, Middleton transferred it by blank endorsement to one Cole, and he transferred it to complainant on the 23d February, 1863, guaranteeing its payment. The bill alleged that Ellsberry had notice at, and before his purchase, that the two notes had not been paid. This, Ellsberry, in his answer and deposition, positively denied. Upon the hearing of the case upon the pleading and testimony, the chancellor dismissed the

bill for want of equity, and this action of the court is as-
signed as error.

CLEMENTS & WILLIAMSON, for appellant.
WATTS AND TROY, contra.

A. J. WALKER, C. J.—The only point of controversy
in this case is, whether the defendant, Ellsberry, was a pur-
chaser with notice of the complainant's lien. The chan-
cellor ruled that he was not, and dismissed the complainant's
bill. The question of notice depends upon the evidence,
and is so doubtful, that we should be exceedingly reluctant
to disturb the chancellor's decision on either side. The
onus of proof was upon the complainant. He proved no-
tice by his endorser, who held a note situated precisely as
the complainants, so far as the question of lien was con-
cerned. The endorser was released from his liability on
his endorsement, but he was still interested in the question
of lien. The witness on the other side, was the defendant
himself. Neither witness would be said to be free from the
influence of those feelings of interest, which tend to bias
the testimony of witnesses, though the interest of the de-
fendant alone was directly involved in the suit. One swears
that notice was given, but the other swears to the negative.
When the notice is said to have been given, no person was
present. The complainant's witness admits that he had
said the defendant must have misunderstood him. The
probabilities are on the defendant's side of the question.
It would seem somewhat strange for the defendant to pur-
chase and pay full value for the land, when fully informed
of the outstanding liens. It is not an unreasonable infer-
ence from the testimony, that the complainant's witness
made casual mention of the lien to defendant, and that he
was either not heard or not understood. This explanation
is suggested by the witness himself. It avoids an impu-
tation upon the veracity of either witness, and is consist-
ent with the probability that the defendant would not have
paid his entire purchase-money, if he had been informed of
the lien. We ought not to reverse the chancellor's decision
upon a mere question of evidence, unless we were fully

convinced of his error.—*Phillips v. Phillips*, 39 Ala. 63. We are not so convinced in this case, and must let his decree stand. The question is one of that character in the decision of which absolute certainty is unattainable.

Affirmed.