### WISE, PRO AMI, *vs.* NORTON ET AL.

[BILL IN EQUITY TO SET ASIDE GUARDIAN'S SETTLEMENT, &C.]

1. *Married female minor; rights of, as against guardian.*—On the marriage of a *minor female* ward, she may require her guardian to make final settlement of his guardianship of her estate, and deliver to her the property or moneys belonging to her found to be in his hands on such settlement. Revised Code, § 2422.

2. *Same; settlement in Confederate court, when will not be set aside.*—On her marriage, the husband and guardian may make final settlement of the guardianship of her estate in the probate court of the proper county, and if the settlement thus made is correct, and without fraud or mistake, it it will not be set aside in chancery, though the settlement was made in a rebel court of probate.

3. *Voluntary accounting and settlement made in rebel court; when will not be disturbed.*—And after such accounting and settlement in a rebel court, the guardian may pay over to the wife and husband the balance found to be remaining in his hands on such settlement, and take the receipt of the wife and husband for the same, and such receipt will protect him against a second accounting on a bill filed by the wife against him and her husband, in chancery.—Revised Code, §§ 2422, 2685.

4. *Same; what husband and wife may receive, &c.*—And if the husband and wife, after such settlement with the guardian in a rebel court, receive from the guardian a promissory note in payment of the balance due her, instead of money, and the note is collected and used by the wife and husband, she will be held in chancery to have elected to take the note in lieu of money, and will be bound to her election.—*Becton et al. v. Selleck et al.*, June term, 1872.

APPEAL from Chancery Court of Barbour and Henry. Heard before Hon. B. B. McCRAW.

The opinion states the case.

SEALS & WOOD, and WATTS & TROY, for appellant.
PUGH & WILLIAMS, *contra*.

PETERS, J.—This is a bill in chancery filed by a married woman against her former guardian and her husband to set aside the guardian's settlement in the rebel court of the county of Barbour in this State, made in 1861, and for a settlement in chancery, and also for the removal of the husband as the wife's trustee of her separate estate. The bill alleges, that the court in which the settlement was made had no authority to make it; that the ward was a minor when it was made, and had no notice of the settlement, as required by law; and that she was not represented in such settlement by any guardian *ad litem* or by herself in person; but that the settlement was conducted by her husband, and that the balance found against the guardian was paid by him in *Confederate treasury-notes* to the husband, and had proved worthless to her. The answer denies that the balance against the guardian was not correctly ascertained by himself and the husband, and that it was paid in *Confederate treasury-notes*. But it insists, and this is shown to be true by the proofs, that the settlement was by a correct accounting before the rebel court between the guardian and the husband, and the balance in the ward's favor was correctly ascertained; and the husband received the guardian's note for this balance, which was made payable to the ward; and this was subsequently paid off in money and another note on one Petty, which was accepted in lieu of money by the husband and wife, and their joint receipt was executed by them and delivered to the guardian, acknowledging the full payment of the balance due the ward on said settlement. This receipt is made a part of the answer, and insisted on by the guardian as a full discharge of his liability. Upon the hearing on the bill, answer and proofs, the chancellor dismissed the bill, and Mrs. Wise brings the cause to this court, and here assigns for error the dismissal of her bill in the court below.

On the marriage of a minor female ward, she becomes entitled to compel her guardian to make a final settlement in her favor.—Rev. Code, 2422. This right is placed upon the same footing as her right to compel a final settlement on attaining her age of twenty-one years. In the latter case, the probate court would order or decree the balance in the hands of the guardian to be paid over to her; and in case he should fail to obey such order or decree, execution should be issued against the guardian and his sureties to enforce it.—Revised Code, § 2450. And as the statute makes no distinction between the two cases, it is taken for granted that a like order or decree should be made on a final settlement, upon the marriage of a minor female ward, as would be made in case of her majority. In the latter case, she could certainly *receive* from the guardian her property, or secure and collect her debt, if the balance should be due her in money, in such manner as she might think fit.—*King v. Seals, Ex'r*, 45 Ala. 415; *Beckton et al. v. Selleck et al.*, June term, 1872. The two cases are not separated in the Code. She could then do the same thing in the event of a settlement upon the marriage. And if not, this certainly could be done by her and her husband jointly. He could do this alone.—Revised Code, § 2375. And her concurrence would not vitiate his act. Upon final settlement, the guardian would be entitled to a discharge, and this could only come from the wife or from the husband, or from both together. These two represent all the powers that can be exercised over the wife's estate. There is no limit on her power to collect her debts, and to *receive* her estate, with her husband's concurrence. In this her power is absolute, as soon as her disability of minority is removed; and this is removed by her marriage. The authority then being absolute in herself and her husband, with his concurrence, she may exercise it as she may think best. And her guardian can only be held responsible to her for injuries occasioned by frauds and mistakes in the settlement between them. Where the law bestows a power, all the incidents necessary for its exercise are given with

it, unless it is otherwise limited. This is so with mere agencies, which are much more restricted in this respect than where there is an exercise of powers pertaining to the absolute dominion over the thing to be accomplished. Story on Ag. chap. 6, § 57, *et ubique; Sexton v. Wheaton*, 8 Wheat. 229, Marshall, C. J., *arguendo.* The wife, then, being made able to collect her debts and to *receive* her own estate, must be left free to do it in her own way.—Revised Code, §§ 2370, 2388, 2382, 2552; *King v. Seals*, 45 Ala. 415. There is no charity in the law that can help her in this, if she has made a bad bargain for herself, unless she can show that there has been fraud or mistake, by which she has been injured. In the exercise of her powers to reduce her property to her possession, to collect her debts, or to pay the debts that may be due from her to others, she does not exercise the powers of a *feme sole.* She merely exercises the rights of a *married woman* with a separate estate, under the law of the Code, and no more. She is not restored to the rights of a *feme sole* until after the husband is deprived of any control over her estate by decree of the court of chancery, upon proceeding for that purpose. After such decree, *thenceforward*, she shall have "the same control over her estate, and the rents, issues and profits thereof, as if she were a *feme sole*, and may sue and be sued in her own name; but the husband is not liable for her acts or contracts."—Rev. Code, § 2384. There is no proof that the wife in this case was in any way imposed upon by the guardian, or that there was any mistake or fraud in the final settlement or in the manner of the discharge of his liability to her; she must then be held to abide by the election she has made. She was not bound to make her settlement in the rebel court, and after having made it there, she was not bound to receive the guardian's note in lieu of money in payment for the balance; but as she did so, and acted without constraint either of her guardian or her husband, I feel reluctantly bound to say that a court of chancery can not relieve her from the misfortune of an unwise transaction.—*Judge v. Wilkins*, 19 Ala. 765.

14

There was no sufficient proof that the guardian paid what he owed his ward in *Confederate treasury-notes*, or in any other *worthless thing*. If there had been such proof, I should have been strongly inclined to treat *such a payment as a fraud*. It is not beyond strong grounds of presumption, that the circulation of *such a currency* was a *fraud* upon the whole community, that was forced, by necessity or fear, to accept and treat it as money. To say that married women and minors were free to reject it, when tendered in payment of debts, is more than can be said for their husbands, fathers and brothers, who were of mature age, within the range of the fury of the late rebellion, at least in some localities. The evidence in the court below failed to sustain the material allegations of the bill. The learned chancellor did not, therefore, err in his decree.—*Phillips v. Phillips*, 39 Ala. 63.

The judgment of the court below is affirmed, with costs.