## HARKINS ET AL. *vs.* BAILEY ET AL.

[BILL IN EQUITY TO HAVE DEED DECLARED FRAUDULENT, &C., OR TO HAVE IT DECLARED A GENERAL ASSIGNMENT.]

*Property ; sale of.*—1. The owner of property, whether real or personal, may sell it to another person able and competent to buy it, if such sale is not made with fraudulent intent.

2. *Same ; insolvency of owner, when does not invalidate.*—Though the owner of property may be insolvent, and largely indebted at the time, he may make a *fair* sale of his property to a relation, if the sale be made without fraud. These, though badges of fraud, are not conclusive proof of it. (*Crawford v. Kirksey,* June term, 1872.)

3. *Decree of chancellor ; when will not be disturbed.*—When the chancellor's decree is not repugnant to the preponderance of the evidence, it will not be disturbed.

4. *Absolute sale ; when will not be treated as general assignment.*—An absolute sale of land by a debtor to his creditor in payment of a subsisting debt, when made in good faith and without fraud, can not be treated as a general assignment, unless the proof clearly shows that it was so intended.

APPEAL from the Chancery Court of Lauderdale. Heard before Hon. WM. SKINNER.

The opinion states the case.

WOOD & O'NEAL, for appellant.
PICKETT & JONES, *contra.*

PETERS, J.—This is a suit in equity. The object of the bill is to set aside a deed to certain lands in the county of Lauderdale in this State, made by Bailey to Sledge, on account of fraud, or to have the same declared a general assignment, for the benefit of all the creditors of the grantor. The bill was amended, and the case was submitted for final decree on the bill as amended, the answers of the defendants, the exhibits and proofs. The learned chancellor rendered his decree in favor of the defendants in the court below, and dismissed the bill, with costs. From this decree the complainants bring the case here and assign this decree as error.

There was a demurrer to the original bill before its amendment, because the suit had been commenced in an improper district, but the amended bill obviated this objection, by introducing a party to the proceedings who was a material defendant and resident in the district in which the bill was filed. This was sufficient.—Revised Code, §§ 3326, 3356.

The question, then, turns upon the merits of the case as presented by the pleadings and the proofs. It is admitted that the complainants in the court below are *bona fide* creditors of said James J. Bailey, and that said Bailey, being indebted to said creditors, on the 20th or 15th day of August, in the year 1865, executed a deed to certain lands to William H. Sledge, who was his brother-in-law. Bailey's wife joined him in said deed. The consideration mentioned in this deed is "forty-two hundred dollars, cash in hand paid" by Sledge to Bailey. The deed is made an exhibit to the bill. It is in form an absolute sale of the

24

lands mentioned therein by Bailey and wife to Sledge. It is alleged in the bill that this "was made for the purpose of delaying, hindering and defrauding the complainants and other existing creditors of said James J. Bailey, and that it is fraudulent and void; and if mistaken in that, then they (complainants) say it was a general assignment of substantially the whole of the property of the said James J. Bailey to said Sledge, by which a preference is given by said James J. Bailey to said Sledge over the remaining creditors of said grantor." If either of these alternative allegations are true, then the decree of the learned chancellor in the court below can not be sustained.—Rev. Code, §§ 1865, 1867. Then, the only questions presented in either aspect of the case, are questions of fact. . There were no objections to the testimony in the court below, and none urged or suggested here. Then, did the chancellor err in his estimate of the testimony in settling his decree? As a principle of law, there can be no doubt that the owner of property, real or personal, in this State, may make a fair sale of it to any person able and competent to buy it, and if such sale is not made with fraudulent intent, it is not void. Chancellor Kent, speaking of the right of the owner to sell his property to another, says: "The power of alienation of property is a necessary incident to the right of property, and was dictated by mutual convenience and mutual wants."—2 Kent, 326–7 (marg.); *Crawford et al. v. Kirksey et al.*, June term, 1872; 8 Wheaton, 242. One's debts in this State are not a charge or lien upon his estate, until after his death.—Rev. Code, § 2060. Therefore, although he may be insolvent, or largely indebted at the time, he may alienate the same by absolute sale; and although the sale may be to a relation, this does not avoid the sale, if it is fair and made without fraud.—*Crawford v. Kirksey, supra*. These are but badges of fraud, and not conclusive proof of it. If the owner of property may sell it, he may fix the terms of the sale. He may sell it for money, or he may sell it to pay a subsisting debt, if the sale is fairly and honestly made. The answers of the defendants flatly and fully deny all fraud, or intent or design

to hinder, delay or defraud the creditors of Bailey. The weight of the evidence of the witnesses who know the facts directly and fully sustains these denials. It has been repeatedly settled by this court, that when the chancellor's decree is not clearly repugnant to the preponderance of the evidence, it will not be disturbed.—39 Ala. 63; *Turlington v. Mabry*, June term, 1872; *Goodwin v. Nance, ib.; Milligan v. Brackin, ibid;* 27 Ala. 267, 272; 41 Ala. 626. So far, then, as this aspect of the case is involved, there is no error in the judgment of the court below. It is sustained by the proofs.

It has already been shown that the deed by Bailey and wife to Sledge, of the 20th or 15th day of August, 1865, was an absolute sale on its face. There is no proof to show that it is different from what it purports to be. The terms "general assignment," used in our statute, are not intended to include an absolute sale by a debtor to his creditor to pay a subsisting debt. This would deny to the debtor the right to sell his property at all, if he owed any debts, save that for which the property was sold. The language of the Code is this: "Every general assignment made by a debtor, by which a preference or priority of payment is given to one or more creditors, over the remaining creditors of the grantor, shall be and enure to the benefit of all the creditors of the grantor equally."—Rev. Code, § 1867. This language keeps up the distinction between a sale and an assignment for special purposes, between an assignee and a purchaser. And this distinction can not be dispensed with, without making an insolvent's debts a lien upon his estate and subjecting it to their payment. If it is disregarded, it paralyzes and suspends the insolvent's power of disposition over his property, with scarcely less completeness than death itself.—Revised Code, § 2060. This distinction has been observed by courts in other sections of the Union, where similar expressions have been used in similar statutes.—*United States v. McLellan*, 3 Sum. 343, 355; *Dias v. Bouchaud*, 10 Paige Ch. 445, 461; *Norton v. Cobb & Crawford*, 20 Geo. 44, 47. There is no proof that shows that the deed by Bailey to Sledge was not what it purports to

be, an absolute sale. The decree of the chancellor conforms to this construction of the transactions between Bailey and Sledge, as the same are shown by the proofs. In this aspect of the case, it is also free from error.

The decree of the court below is, therefore, affirmed, with costs.