## McGowen v. Garrard and Morgan.

*Where a party, with a full knowledge of the alleged fraudulent circumstances, recognizes or confirms a contract made in his name by an agent, he cannot afterwards set up the fraud or want of authority in that agent.*

This was an action of debt brought in Lauderdale County Court, by J. McGowen as assignee, against W. W. Garrard and John Morgan, to recover on a sealed instrument made by them, and one J. Willis, in 1818, for the payment of $164 14, to G. Price, by said Price indorsed to one F. P. Pennington, and by Pennington to the plaintiff. The declaration was in the usual form. The defendant pleaded two pleas. The first was a general plea of fraud. The second was a special plea, alleging that Price, the payee, Pennington, the first indorser, and Willis, the joint maker, who was not sued, combined and confederated to defraud the defendants; that in pursuance of said combination, Willis, without the knowledge or consent of the defendants, borrowed or pretended to borrow of Price, money in the names of the defendants Garrard and Morgan, representing that it was for their use and benefit, and executed an obligation in the names of Morgan and Garrard to Price; that Willis had no authority to borrow nor to execute the note for the defendants, and that the money never came to their hands or use. It is further alleged that Price threatened to harrass and oppress the defendants if they would not pay the amount, and that Pennington (in whose integrity and legal knowledge they had great confidence,) assured them they were bound to pay the amount, and advised them to settle it rather than be harrassed by Price; and believing the assertions and advice of Pennington, they gave in lieu of the original note the obligation now sued on, with Willis as their security, on Price's agreeing to give time till the 15th June, for payment: wherefore, they say the writing sued on was obtained by fraud, covin and misrepresentation, and without valuable consideration. To these two pleas, the plaintiff demurred, and the Court sustained the demurrer as to the first plea, but overruled it as to the second. The plaintiff declining to reply to the second plea, judgment was given for the defendant. This decision of the Court on the demurrer to the second plea is here assigned for error by the plaintiff.

## 480

JANUARY 1830.

McGowen
v.
Garrard and
Morgan.

W. B. and P. MARTIN, for the plaintiff.

COALTER, for the defendants.

By JUDGE PERRY. We are by the demurrer brought to the consideration of the sufficiency of the facts of the second plea to bar the plaintiff of his recovery. The defendants, by executing with Willis the writing obligatory sued on, waived, all their right to question the illegality of the first transaction; for it was competent for them to recognise the contract made by Willis, and thereby make themselves liable with him, although they might not have been liable in the first instance. This they did do, by entering into the bond sued on. But the defendants endeavor to avoid their responsibility by alleging that they were threatened to be harrassed, and that Pennington advised them that they would have the notes first executed by Willis to pay, and that to avoid being harrassed, they substituted the note in question. They shew no want of knowledge as to the facts on their part, and having executed the note with a full knowledge of all the facts, they are bound by it. The plea does not shew a state of fact sufficient to warrant the conclusion that a fraud has been practised upon the defendants; consequently it is no bar to the action. We are therefore of opinion that the judgment of the Court below must be reversed, and judgment rendered here for the plaintiff.