## CHILTON v. COMSTOCK.

1. Where the maker of a promissory note, not negotiable in its terms, transfers an account upon another person to the payee, who agrees to take it as a payment subject to the sole condition that he is able to make it available, and he then transfers the note to an assignee, who sues the maker, and after suit brought, the payee makes the account available to himself, this is no defence to the suit by the assignee, under the pleas of payment and set off.

WRIT of Error to the Circuit Court of Benton county.

Assumpsit on a promissory note made by Chilton to Mc-Campbell, and by him assigned to Comstock. Pleas, non assumpsit, payment and set off. Verdict and judgment for the plaintiff.

At the trial the plaintiff gave in evidence the note described in his declaration, which was indorsed in blank and is not payable in Bank.

The defendant then proved, that before the transfer of the note, McCampbell, the payee, had purchased from Chilton an account due from another person, for a greater amount than the note, and agreed the account should be a payment of the note, if he could make it available in a transaction between himself and that person.

After the transfer of the note to Comstock, and after suit was brought by him against Chilton, McCampbell had made the account so given to him available in the transaction which was contemplated at the time of the purchase of the account.

During the whole period, from the giving up the account to the close of the transaction, McCampbell had the possession of and control over the account, and never offered to return it to Chilton, who had proved it before he turned it over. The only condition in the contract respecting the account was that before stated.

On this evidence the defendant requested the Court, in effect, though not in terms, to instruct the jury that they ought to find a verdict for him. This charge the Court refused to give, but instructed the jury that the transfer of the account could only operate as a payment from the time when it was made available by McCampbell, and that if before it was so made available Chilton had notice of the assignment of the note to the plaintiff; in that event the subsequent use of the account by McCampbell was no defence to the action.

The defendant excepted to this charge, as well as to the refusal to give that which he requested.

PECK and CHILTON, for the plaintiff.
WALKER and RICE, contra.

GOLDTHWAITE, J.—It is evident that the account transferred by Chilton to McCampbell was not taken as an absolute payment, and in extinguishment of the note. The utmost effect of the agreement is, that the note should be taken as a conditional payment. The rule in such a case is, that the original liability is not impaired in any respect, and the plaintiff may sue on it without any return or offer to return the substituted paper. [Clark v. Young, 1 Cranch 181 ; Abercrombie v. Mosely, 9 Porter, 145 ; Trotter v. Crockett, 2 Porter, 413.]

It may be conceded that the same rules will apply to any defence to this action, which could be urged if McCampbell, the payee of the note, was the plaintiff. In that event the fact of receiving the money for the account, or using it so as to make it available, according to the contract, if this was effected after the institution of the suit, could only be shown in defence under a plea *puis darrien continuance.*

It is doubtless true, that under our statute, ordinary promissory notes are not negotiable in such a manner as to discharge them from any latent equity, even in the hands of a *bona fide*

holder, without notice. [Smith v. Pettus, 1 S. and P. 107.] The only effect of the statute is to authorize the assignee to maintain a suit in his own name, and to protect him against any payment, &c. made to the assignor after notice of the assignment.

We are not prepared to say that the defendant in this case is without his remedy, if he is in a situation to sustain injury in consequence of the transfer of the note to the present plaintiff; but it is clear that the defence insisted on cannot avail him, because it would not have been available under the same state of pleadings against the payee of the note.

Let the judgment be affirmed.