## POWELL'S ADM'R vs. HENRY.

[ACTION ON JUDGMENT—QUESTIONS OF AGENCY.]

1. *Extent of agent's authority, and liability of principal for his unauthorized act.*—The delivery of an account to an agent, for the purpose of collecting it, confers no authority to settle it in any other mode; and if the agent exceeds his authority, although the principal may ratify the act, yet, to avoid it, he is not obliged to give notice that he repudiates it.

2. *Collateral security does not extinguish original debt.*—If an agent to collect takes a note as collateral security, no inference of payment can properly be drawn from the recognition of the act by his principal.

3. Every one who deals with an agent is bound, at his peril, to ascertain the extent of his authority.

4. *Liability of creditor for note taken as collateral security.*—If a creditor takes a note on a third person as collateral security for his debt, he is bound to the use of due diligence in its collection, and is responsible to his debtor for any damages caused by his laches; but if the note is on an insolvent person, its retention for never so long a period will not authorize the inference of payment of the original debt.

APPEAL from the Circuit Court of Baldwin.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by George G. Henry against the administrator of William T. Powell, deceased, in October, 1853, to recover the amount of a judgment rendered in said court on the 13th April, 1840, in favor of the plaintiff and

against said Powell, for $483 61, together with the costs of suit and interest. The defendant pleaded "the general issue," and payment.

On the trial, after the plaintiff had introduced the record of his judgment, the defendant read in evidence the deposition of one William H. Lee, and the plaintiff's answers to interrogatories propounded to him under the statute ; the substance of which evidence may be thus stated : The plaintiff was a merchant in Mobile in 1840, and Lee was employed by him as a clerk in his store from about December, 1840, to June, 1841 ; being then a mere lad, and just commencing to learn business. Learning that a Mrs. Tate was claiming Powell's property, and was paying off his debts, plaintiff sent Lee to her to demand payment of his judgment, with instructions to take a draft on her commission merchant, if he could not get the money ; but Lee, through want of experience in business, took from her, as collateral security, a note on one D. N. Harris, for $400, payable to himself, and gave her a receipt for the debt, except as to a small balance due. Lee states that he had no authority to take the note, that he only took it as collateral security, and that his employer was much displeased with him on account of it. The plaintiff states that, on making inquiry at the time, he learned that Harris was insolvent, and therefore regarded the note as worthless; that he notified Powell of this, and afterwards had execution issued on his judgment ; that he afterwards obtained another note from Harris, of the same date, amount, and falling due at the same time, intending to return it to Mrs. Tate in place of the note which Lee had taken from her, but he neglected to do this, and still has the note in his possession. After the defendant had read this evidence to the jury, the plaintiff introduced a witness, who testified to facts conducing to show that Harris was insolvent from 1840 to 1853; but the witness stated, also, that he could not say from his own knowledge that Harris was insolvent, nor did he know of any debts outstanding against him.

On this evidence, the court charged the jury as follows :—

"1. That if Lee, the agent of Henry, exceeded his authority in making the settlement, Henry was not bound by it, unless he had subsequently recognized it.

"2. That though the receipt, of itself, was *prima facie* evidence of payment, it might be explained ; and if the note of Harris was in fact taken as collateral security only, and not as payment, and the jury believed that the note was worthless, then Henry was not bound to sue on it."

The defendant did not except to these charges, but requested the court to give the following :—

"1. That Lee, being the agent of Henry, and in possession of the account, was authorized to make the settlement, unless repudiated by Henry ; and his refusal to be bound by the settlement should have been made known, within a reasonable time, either to Mrs. Tate or to Powell.

"2. That Henry giving no notice to Mrs. Tate or Powell of his refusal to recognize the act of Lee in the settlement, Mrs. Tate or Powell had a right to presume that it was satisfactory, and that the debt was paid.

"3. That Lee's acts were binding on Henry, to the extent of the settlement, unless the extent of his authority was made known either to Mrs. Tate or Powell.

"4. That the retention of the note by Henry, from April, 1840, until 1853, without a rescission of the settlement,—returning the note, and notifying Mrs. Tate or Powell of the fact,—might be regarded as a payment of the debt."

The court refused these charges, and the defendant excepted to each refusal ; and he now assigns these matters for error.

F. S. BLOUNT and A. R. MANNING, for the appellant.

E. S. DARGAN, *contra.*

GOLDTHWAITE, J.—The first charge requested on the part of the appellant was properly refused. The rule is, that an unauthorized act of the agent may be ratified by the principal, and the jury were so instructed ; but the language of the charge as asked goes beyond this, and either asserts that the mere delivery of an account to an agent, for the purpose of settling it one way, confers authority to settle it in any other mode, or that the principal is bound, unless he repudiates the acts of the agent done without authority. In either aspect, the proposition is not to be maintained.

The second charge was objectionable, for the reason, that

if the agent took the note as collateral security, of which there is some evidence, it did not extinguish the original claim; and in that aspect, no inference as to its payment could properly be drawn from the recognition of the act by the principal.

The third charge asked is in direct opposition to the law of agency, which requires every one dealing with an agent to ascertain the extent of his authority. It is true that the power of an agent to bind his principal will frequently be implied from the nature and extent of the employment of the former; but no case has gone so far, as to hold that the mere circumstance of a person being employed as a clerk in a store authorizes him to compound the debts due to his employer. If there was any evidence that such authority had been usually exercised by him, and that it was known to the person making the settlement, the case might have been different; but there was no such testimony.

Neither was there any error in the refusal to give the fourth charge. There was evidence, tending to show that the maker of the note taken by Lee was insolvent; and if such was the case, and it was taken as collateral security, the retention of it, for never so long a period, would not warrant the inference of the payment of the original debt. The party who receives a note as collateral security, is bound to the use of due diligence; and if, by his laches in this respect, the original debtor sustains damage, it is a good defence, *pro tanto*, to a suit against him on the original claim.—Russell v. Hester, 10 Ala. 535. But it is only the actual damage that in such case is recoverable, as no one but the parties to a bill or note can complain of laches, unless he can prove it has done him prejudice, and can only recover to the extent of such prejudice.— Story on Bills of Exchange, § 305, note 4.

Judgment affirmed.