# DANE *vs.* MAYOR &c. OF MOBILE.

[PROCEEDINGS FOR VIOLATION OF MUNICIPAL ORDINANCE.]

1. *Construction of municipal ordinance requiring public carriages to be lighted when on duty by night.*—Under the ordinance of the city of Mobile, imposing a fine "on the owner or driver" of a public carriage, hack or cab, for a failure to have the lamps of his vehicle lighted when on duty by night, (Municipal Laws of Mobile, 105, § 86,) it is no defense to the owner, that he was not present, and had no knowledge of the alleged violation of the law by his negro driver.

2. *Practice on error in appeal or certiorari cases.*—In appeal and *certiorari,* cases, which, when the amount in controversy is less than $20, are tried by the court without the intervention of a jury, (Code, § 2369,) the judgment of the circuit court will not be reversed on error, unless its decision on the facts is shown to be manifestly wrong.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THE appellant in this case was prosecuted, before the mayor of the city of Mobile, for an alleged violation of the municipal ordinance which requires public carriages to be lighted when on duty by night; and was fined $10. He removed the case, by *certiorari,* to the circuit court, where, as the bill of exceptions shows, the following evidence was adduced: "The plaintiff introduced as a witness one M. D. Cleveland, a police officer of the city, who testified, that his brother and another person, who were not policemen, saw the defendant's cab standing in the street in front of a house, with its lamps not lighted; that they took the cab, horse and negro driver in charge, and drove a short distance to his (witness') house; that he then ordered the driver, who was a slave, to light his lamps, which he did; and that he then got into the cab, drove to the city guard-house, and reported the defendant. The defendant then introduced as a witness one Busbee,

Dane v. Mayor &c. of Mobile.

who testified, that on the night mentioned by said Cleve-
land, having occasion to go. to a remote part of the city,
he employed the defendant's cab; that both of the lamps
of said cab were then burning; that after riding within
about one hundred yards of the place where he was going,
he ordered the driver to stop, so that he might light his
cigar by the lamp; that while he was endeavoring to light
his cigar, both lamps were blown out by a strong wind
then prevailing; that he then ordered the negro to drive
on to his destination, as he was in a hurry; that he got
out of the cab on arriving at the place where he was to
stop, and told the driver to wait for him a few minutes,
until he transacted some business with the gentleman
whom he had called to see; that the driver was furnished
with matches, and that it was his (witness') fault alone
that the lamps were blown out. The city ordinance was
also read in evidence, as published in the Municipal Laws
of Mobile, pages 105–6. This being all the evidence, the
defendant asked the court for judgment in his favor;
which the court declined to grant, and gave judgment
for the plaintiff, for $10; and to this ruling of the court
the defendant excepted."

OVERALL & MOULTON, for appellant.
CHAMBERLAIN & HALL, contra.

R. W. WALKER, J.—By an ordinance of the city of
Mobile it is provided, that the lamps of every carriage,
hack, or cab kept for hire, " shall be lighted every night,
moonlight or dark, at dusk, and continue so lighted, while
in the streets or elsewhere, on hire; under penalty of not
less than five, nor more than fifty dollars, to be imposed
on the owner or driver."—Municipal Laws of Mobile,
105, § 86. The effect of this ordinance is to make the
owner of a cab liable for the failure of his driver to keep
the lamps lighted. Consequently, it is no answer to this
proceeding, that Dane was not present, and had no knowl-
edge of the violation of law complained of.

[2.] Whether the driver had violated the ordinance in
question, was a question of fact, to be tried by the court,

without the intervention of a jury.—Code, § 2369. In this class of cases, we think the proper practice is, not to reverse the judgment, unless the decision of the court below on the question of fact is manifestly wrong. As we cannot say that this is so in the present case, the judgment of the circuit court is affirmed.