# McGehee v. Slater.

*Action on Bill of Exchange, by Payee against Drawer.*

| 50 431 |
| 128 579 |

1. *When administrator may sue in his own name.* — An administrator may sue in his own name, on a promissory note or bill of exchange payable to himself individually which he has taken in settlement or compromise of a debt due to the estate; and his removal pending the suit is no defence to the action, unless it is shown that he has been in some way discharged from the liability thus incurred.

2. *Transfer of note as collateral security, or under agreement to collect and apply proceeds.* — When a creditor receives from his debtor a note on a third person, either as collateral security, or under a special agreement to collect it and apply a part of the proceeds as a payment on the original debt, the debtor cannot, when sued on the original debt, recoup or set off damages sustained by him on account of the creditor's failure to collect the transferred claim, or to use due diligence in attempting to collect it, without showing that the damages have been actually sustained, and the amount thereof; and when the creditor is an administrator, and receives the transferred claim from a debtor of the estate, whose debt he has compromised by taking a note payable to himself individually, and afterwards sues on the note in his own name, the agreement as to the transferred claim is not available as a defence to the action.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN ELLIOTT.

This action was brought by James E. Slater, against A. G. McGehee; was commenced on the 6th day of October, 1868, and was founded on a written instrument in the form of a bill of exchange for $1,500, drawn by the defendant on himself, dated the 22d day of May, 1866, and payable twelve months after date, to the order of the plaintiff, negotiable and payable at the Central Bank of Alabama. The original complaint contained two counts, one describing this instrument as a promissory note, and the other as a bill of exchange, and each averring that it was the property of the plaintiff. Afterwards, an amended complaint was filed, containing two additional counts; in the first of which (or the third count of the complaint) a copy of the instrument was set out, and the other (or fourth count) was on an account stated between the plaintiff and the defendant on the 22d day of May, 1866.

At the May term, 1871, the defendant filed five pleas. The first plea was *non assumpsit;* and the second, "payment of $1,000;" and both these were pleaded "in short by consent;" while the fifth plea, which set up certain proceedings in garnishment against the defendant, requires no special notice. The third and fourth pleas were in the following words: —

" 3. That heretofore, to wit, on the 1st day of January, 1863, one William L. Sheppard died in said county, intestate, at the time of his death being a resident of said county; and afterwards, to wit, on the 1st day of March, 1863, letters of administration on the estate of said intestate were granted by the probate court of said county to Henry B. Wigginton and Georgia A. Sheppard; and afterwards, while said Georgia A. was and continued to be administratrix of said estate as aforesaid, she intermarried with the said plaintiff; and after said marriage the said Henry B. Wigginton died; and the said note was given by this defendant to said plaintiff after the death of said Wigginton; and while the said plaintiff was administrator in right of his said wife, the said defendant gave the plaintiff the instrument sued on, in settlement and compromise of a note then held by said plaintiff, and which note, so settled and compromised, was assets of the estate of said intestate; and the instrument sued on is assets of said estate; and that since the last term of this court, and since the last continuance of this cause, the letters of administration, granted as aforesaid to the said Georgia A., have been revoked by the order, decree, and judgment of the said probate court, to wit, on the 2d day of May, 1871; and that said administratrix has not, nor has the said plaintiff as administrator in the right of his wife, administratrix of said intestate, both or either of them have or has not made any final settlement of their administration of said estate, or accounted for said instrument, or the proceeds thereof, of either the said Georgia A. or the said plaintiff, or both, with the said probate court; nor have they, or either of them, paid or turned over to any succeeding administrator of said estate, or paid into said court, the money or assets of said estate, in their hands subject to administration, or the amount of this instrument. And this he is ready to verify.

" 4. And for a further plea in this behalf, defendant says, that the instrument sued on, and the money due thereon, are assets of the estate of William L. Sheppard, deceased, who died intestate; and that Georgia A. Sheppard was, by the probate court of the county in which said intestate resided at his death, appointed administratrix of the estate of said intestate; and after her said appointment said plaintiff intermarried with her; and that since the last continuance of this cause, the letters of administration, granted as aforesaid to the said Georgia A., were revoked, to wit, on the 2d day of May, 1871. And this he is ready to verify."

The third plea, as above set out, is evidently defective, or copied incorrectly in the transcript; but the record does not furnish the means of correcting the mistake. The third and

[McGehee *v.* Slater.]

fourth pleas were both sworn to. The plaintiff demurred to each of these pleas, and the court sustained the demurrer. The causes of demurrer specially assigned are nowhere set out in the record; but there is an agreement of record, signed by the counsel of both parties in this court, admitting that " the objection taken to these pleas — that they professed to answer the entire complaint, but in fact answered a part only — was not assigned as one of the causes of demurrer in the court below, but all other causes of demurrer were duly assigned."

" On the trial," as the bill of exceptions states, " issue being joined on the first and second pleas, the plaintiff read in evidence the bill of exchange sued on, and closed. Thereupon the defendant offered testimony tending to show, that said bill was given in part liquidation, or compromise, of a larger claim then held by plaintiff, on which said McGehee was liable; and that said defendant, contemporaneously with the execution of said bill, delivered to plaintiff a bill of exchange which he (defendant) held on one Carraway, on which there was due some fifteen or sixteen hundred dollars; and the proof conduced to show that the said plaintiff and defendant then made the following verbal agreement, and the said plaintiff received said bill of exchange on Carraway on (?) said agreement (but, as to this, the testimony was conflicting), namely : That if said Slater could collect said bill of exchange on Carraway, or make it available, by the time the bill of exchange became due, then it should be a credit on the bill in suit, to the extent of one half thereof; and if he could not make it available, he should return said bill on Carraway to the defendant at the time of the maturity of the bill in suit. As to the matter of said bill of exchange on Carraway, the proof was conflicting. The testimony tended to show, that said bill had never been returned or offered to defendant, and it was not produced in court; nor was there any testimony that it was lost, or destroyed, or otherwise accounted for by said plaintiff. The proof tended to show that, when the bill sued on was given, money could be made out of said Carraway; but that he became insolvent by the fall of that year, and has so continued ever since, and nothing could be made out of him.

" On this testimony," the defendant asked the court, in writing, to charge the jury as follows : —

" 1. If the jury find, from the evidence, that Slater received the bill on Carraway from McGehee, and agreed, if he could make it available, he would allow it as a payment of half of the bill sued on, or, failing to make it available, would return said bill to McGehee; and if they further find that Slater has not returned the Carraway bill, and does not now produce it, and offer it back to McGehee; then they are authorized to

[McGehee v. Slater.]

allow McGehee a credit for half the amount of the bill sued on.

"2. If the jury find, from the evidence, that said Slater received the bill of exchange on said Carraway, and agreed that he would return it if he could not make it available, and, if he did not return it, would allow it as a credit to the extent of half the bill sued on; and that he has failed to return said bill to McGehee; then they are authorized to allow McGehee a credit on the bill sued on, for half the amount thereof."

The court refused each of these charges, and the defendant excepted to their refusal; and he now assigns the refusal of these charges, and the sustaining of the demurrer to his third and fourth pleas, as error.

STONE & CLOPTON, for appellant. — 1. The facts stated in the third and fourth pleas show, that the bill sued on is assets of Sheppard's estate, and that the plaintiff has no right of action on it. The revocation of the letters of administration to his wife necessarily terminated the plaintiff's authority as administrator. *Rambo* v. *Wyatt*, 32 Ala. 363. An administrator has authority to compromise, or settle without suit, a note belonging to the estate of his intestate. *Woolfork* v. *Sullivan*, 23 Ala. 548. This power of compromise existed at common law, and the statutory power as to bad and doubtful debts is merely cumulative. After his removal from office, an administrator cannot recover the assets of the estate, unless he has made settlement, and has accounted for the assets sought to be recovered. *Harbin* v. *Levi*, 6 Ala. 399; *Salter* v. *Cain*, 7 Ala. 478; *Gayle* v. *Elliott*, 10 Ala. 264; *Dunham* v. *Garrett*, 12 Ala. 103. The plea shows the removal of the administrator, and his failure to make settlement, or to account for said assets, or the proceeds thereof; but it does not show that he was guilty of any *devastavit* in reference to the debt compromised, and therefore does not bring the case within the influence of *Tomkies* v. *Reynolds*, 17 Ala. 109.

2. The admission in reference to these pleas, and to the causes of demurrer assigned, dispenses with argument on the objection that the pleas do not answer the entire complaint. No cause of demurrer is available, unless specially assigned.

3. The charges asked ought to have been given. The evidence showed, that the plaintiff received the bill on Carraway as a conditional payment, under a special agreement to return it, if he could not make it available, by the maturity of the bill sued on. His plain duty under this agreement was, to return said bill at the maturity of the bill sued on, if he failed to make it available. Instead of this, he retained the transferred

bill up to the time of the trial, and then failed to produce it, or to account for it, and made no effort to show what had become of it, or what diligence he had used to collect it. Under the facts in proof, the defendant was entitled to a credit of one half of the bill sued on. *Stocking* v. *Conway*, 1 Porter, 200; *Trotter* v. *Crockett*, 2 Porter, 412. As to matters peculiarly within the defendant's knowledge, the burden of proof was on him. 1 Greenl. Ev. § 79; *Douglas* v. *Eason*, 36 Ala. 687; *Farrell* v. *The State*, 32 Ala. 557.

WATTS & TROY, *contra.* — 1. As the record does not show what causes of demurrer were assigned, this court will presume, in favor of the ruling of the court below, that all proper causes were specially assigned. *Newsom* v. *Huey*, 36 Ala. 37; *Whitten* v. *Graves*, 40 Ala. 578; *Merritt* v. *Fleming*, 42 Ala. 234.

2. The third and fourth pleas professed to answer the whole complaint, but in fact answered a part only; and they were, for this reason, demurrable. *Wilkinson* v. *Mosely*, 30 Ala. 562; *Newsom* v. *Huey*, 36 Ala. 37; *Intendant of Livingston* v. *Pippin*, 31 Ala. 542; *Rogers* v. *Brazeale*, 34 Ala. 512.

3. These pleas should have been pleaded to the further maintenance of the action, and not *puis darrein continuance.* *McDougald* v. *Rutherford*, 30 Ala. 253; *Stein* v. *Ashby*, 30 Ala. 363; *Bryan* v. *Wilson*, 27 Ala. 208; *Deshler* v. *Hodges*, 3 Ala. 509; *Atkins* v. *Knight*, 46 Ala. 548.

4. The pleas are defective in substance. Though cautiously worded, they do not aver that the plaintiff has never accounted for the note which was settled and compromised; nor do they aver a failure to account for the note sued on, except on a final settlement. The settlement and compromise of the debt due to the estate, unless shown to have been authorized by the probate court, or sanctioned and ratified by the parties interested in the estate, was a *devastavit;* and the bill being taken payable to the plaintiff individually, he might sue on it in his own name, and his removal from office would not defeat his right to recover. *Tomkies* v. *Reynolds*, 17 Ala. 109; *Pearson* v. *Waldrop*, 42 Ala. 636. The right of election by the parties interested in the estate must be made in the probate court on final settlement, or in the chancery court. *Bolling* v. *Mock*, 35 Ala. 727.

5. The paper on Carraway was received as collateral security, and was utterly worthless. It was not necessary for the plaintiff to produce or offer to return it, and no want of diligence on his part was shown. *Powell* v. *Henry*, 27 Ala. 612; *Chilton* v. *Comstock*, 4 Ala. 58.

[McGehee v. Slater.]

PETERS, C. J. — All the contracts sued on are alleged to be payable to the plaintiff in his own name. The plea refers to the time of action brought. It should show that, at that time, there was no right in the plaintiff to recover, or to recover to the extent of his claim; or it should show that this right to recover had been defeated by some matter arising subsequent to the bringing of the suit. The pleas here do not show that the plaintiff is suing in the character of an administrator, but in his own right. Then, his removal as administrator cannot affect this right. It remains the same after the removal that it was before. The plaintiff is the party really interested in the suit, and as such he has the right to sue. Rev. Code, § 2523. Here, the plea shows that the plaintiff, while administrator of Sheppard's estate, had converted a claim belonging to that estate, by a compromise, into the note in suit. In a case quite similar in principle to this, it is said by this court: "In *Tomkies* v. *Reynolds* (17 Ala. 109), it was held, that if an executor, or administrator, lends the money or choses in action of the estate, *without authority to do so*, it is a *conversion*, for which he becomes personally liable; and he may, in such case, sue on the written contract in his own name, notwithstanding he has resigned, or been removed from the administration, unless it be shown that he has *in some way been discharged from the liability thus* incurred. It was further held, that those representing the estate had the right, if they elected to do so, to interpose, in a proper manner, to arrest the payment to the removed executor, and claim the contract as a portion of the estate." *Bryan* v. *Wilson*, 27 Ala. 208, 215. This is a proper principle to apply to this case. The contrary principle, which the pleas insist upon, would compel the persons interested in the estate of Sheppard to an election of the claim on McGehee, instead of the value of the assets converted to obtain it. The pleas as presented show no sufficient defence to this action.

2. The evidence does not tend to show that the claim on Carraway was received by the plaintiff below in payment of the note or bill on McGehee, in part or whole. The most that can be said of it is, that it was received by the plaintiff to collect, if this could be done, as the defendant's agent, or as collateral security for the ultimate payment of McGehee's debt. In either event, the defendant would only be entitled to *recoup* such damages as he had actually sustained by the plaintiff's negligence. The proofs do not tend to establish that any such damages had accrued. The plaintiff below did not bind himself to greater diligence, than the evidence tends to show he exerted, in the duty he had undertaken to perform. He only bound himself to apply one half of whatever amount he might

[Lehman v. Shackleford.]

be able to collect on the Carraway claim, as a credit on the defendant's debt; and he collected nothing. And it does not appear that anything could have been collected by greater diligence, or that anything was lost by neglect. Then, there was no evidence of any payment on the claim in suit. Before McGehee will be entitled to claim damages for a failure to return the bill on Carraway, he must show what these damages are. This he has not done. I think this a reasonable construction of the contract, attempted to be proved, as set out in the bill of exceptions. It was either an agency to collect the bill on Carraway, and apply a portion of the proceeds as directed as a credit on the instrument sued on, or an agreement to hold the claim on Carraway as a collateral security for the payment of the claim in suit. The proof tends to show that Carraway became utterly insolvent before the debt on McGehee fell due; and it does not appear that the plaintiff failed to use due diligence in his efforts to collect it, or that it could have been collected at any time while it was in his hands. Without this, the plaintiff should not be held responsible for a failure to collect it. *Powell, adm'r*, v. *Henry*, 27 Ala. 612; *Chilton* v. *Comstock*, 4 Ala. 58, and cases there cited. Besides, such an attempt to assert an offset or payment on the claim sued on, if it were successful, would impose a loss on the estate of Sheppard, which the administrator could not inflict. It would make the estate of Sheppard liable to respond in damages for the acts of the administrator, which is not authorized by law.

In this view of this case, the charges asked, as shown in the bill of exceptions, were properly refused.

The judgment of the court below is affirmed.