# Marlowe & Wife *v.* Benagh.

### Bill in Equity to foreclose Mortgage.

1. *Preponderance of testimony; when does not control decree.* — In ascertaining the existence of facts from conflicting evidence, the chancellor is not necessarily governed by the preponderance of the testimony. The material inquiry, for him, is whether the evidence generates in his mind a clear and rational belief of the existence of the fact affirmed, essential to relief sought or the defence interposed.

2. *Same; rule in passing upon finding of lower court in appellate tribunal.* — The

[Marlowe v. Benagh.]

chancellor's finding upon facts will not be reversed merely because the appellate court cannot see that the decree is right; it must be satisfied that it is wrong. The presumption in favor of the judgment of the court below prevails as well to its findings upon the facts as to its rulings upon the law.

APPEAL from Chancery Court of Tuskaloosa.
Heard before Hon. A. W. DILLARD.
The point decided sufficiently appears from the opinion.

VAN HOOSE, POWELL & WATTS, for appellants.

HARGROVE & LEWIS, contra.

BRICKELL, C. J. — The questions presented in this case, as to which we have felt any doubt or embarrassment, involve matter of fact rather than of law. They are of that character in the decision of which absolute certainty is unattainable. The positive evidence is conflicting, but is reconcilable probably, so as to support either party, without an imputation of bad faith to witnesses or parties. The main fact in controversy is whether, by the acceptance by a mortgagee of a second mortgage, a prior mortgage was extinguished. Or, whether a parol agreement that the second mortgage should so operate, made by an agent of the mortgagee, was with authority; or if not with authority, whether it was subsequently ratified by the mortgagee. No legal presumption intervenes to aid in the determination of the facts, nor is there any definite standard as to the quantity of evidence necessary to prove or disprove them.

The second mortgage, in the absence of a release, or of some covenant or agreement that it should operate as a satisfaction of the first, is deemed merely an additional security for the debt. *Gregory* v. *Thomas*, 20 Wend. 17 ; *Boyd* v. *Beck*, 29 Ala. 704. The agreement may rest in parol. 1 Hilliard on Mort. 455–473.

The appellee seeks a foreclosure of the prior mortgage, and its extinguishment is an affirmative fact, set up in bar to the relief. It is matter of defence ; the burden of its proof is cast on the appellants, who rely on it. If the evidence as to the fact is equally balanced, the defence is not established. Or, if there is a mere preponderance of evidence tending to support the fact, it cannot be made the basis of a decree or judgment. *Mays* v. *Williams*, 27 Ala. 267 ; *Jarrell* v. *Lillie*, 40 Ala. 271. In *Mays* v. *Williams* the court say : " We think, also, that the court laid down the law too broadly, when it instructed the jury that in civil causes they were bound to find according to the preponderance of the testimony. Whatever facts are necessary to be established — whether by the plaintiff to give him

[Marlowe v. Benagh.]

a right to recover, or by the defendant to sustain his defence — must be proved; and although from the nature of things, it is impossible to say what degree or quantity of evidence amounts to proof, as it must necessarily depend upon the effect it has upon the mind, yet it will scarcely be denied it would be unjust to charge a defendant with a heavy debt, when the preponderance of the evidence merely inclined the mind of the jury to the side of the plaintiff; or to mulct a man in heavy damages, when the evidence, although it preponderated against him, left the minds of the jury in a state of great doubt and uncertainty whether he was the person who committed the act complained of. We have high authority to sustain us in saying that, in such cases, a mere preponderance of evidence might not be sufficient. 1 Stark. Ev. (4th Am. ed.) 451–2. Much, of course, depends on the nature of the fact to be established, and in most cases the amount of evidence required would vary as the fact was more or less improbable in itself; but no matter what might be the preponderance of testimony, if it failed to produce a rational belief in the minds of the jury as to the existence of the fact, it could not in any sense be said to be proved." The rule thus announced must be observed by a chancellor in passing upon evidence. The question is not as to the preponderance of evidence, but is the fact affirmed, essential to relief sought or a defence interposed, proved? Does the evidence generate a clear, rational belief of its existence? On the chancellor, subject to the revisory jurisdiction of this court, rested the responsibility of a determination of this question. After a consideration of all the evidence, he has affirmed it does not, whatever may be its preponderance, produce that rational conviction of the existence of the disputed fact, which the law denominates proof.

It has become the settled practice of this court not to disturb the decision of a chancellor on a question of fact, unless there is a decided preponderance of evidence against the conclusion he attains. *Phillips* v. *Phillips*, 39 Ala. 63; *Gordon* v. *Jones*, 42 Ala. 146; *Kennedy* v. *Marrast*, 46 Ala. 161; *Bogan* v. *Daughdrill*, last term. The rule is extended to the judgments of all primary courts on questions of fact. *Dane* v. *Mayor of Mobile*, 36 Ala. 304; *Kirksey* v. *Kirksey*, 41 Ala. 626. The rule is probably too strongly stated in some of the cases. It is only an expression of the general rule prevailing in appellate courts, that error must be affirmatively shown; it is not enough that the court cannot see the judgment of the primary court was right; unless shown to be wrong, the presumption of correctness arises. 1 Brick. Dig. 781, § 120.

The disputed facts in this cause resting largely on the intention of the parties, and the direct, positive evidence being in

[Luke v. Calhoun County.]

conflict, from witnesses of equal credibility, it is not matter of surprise if different minds should reach different conclusions as to the existence of the facts.   The fact of the ratification of the agreement for the extinguishment of the mortgage is peculiarly a question of the intention of the mortgagee.   The unauthorized act of one professing to act as agent of another is capable of ratification, and the ratification may be either express or implied.   Whether express or implied, it must have been deliberate, with full knowledge of the material facts. *Clealand* v. *Walker*, 11 Ala. 1058; *Reynolds* v. *Dothard*, Ib. 531; *Blevins* v. *Pope*, 7 Ala. 371; *Wood* v. *McCain*, Ib. 800; *Lazarus* v. *Shearer*, 2 Ala. 718; *McGowan* v. *Ganard*, 2 Stew. 479.

We have carefully reviewed the evidence, and we cannot declare that we are fully convinced the chancellor erred in the conclusion he attained.   We may not see clearly that his conclusion is right, but we must see clearly that it is wrong, or it is supported by the presumption of correctness the law commands us to indulge.                    The decree is affirmed.