# Howe Machine Company *v.* Ashley.

*Attachment against Foreign Corporation.*

1. *Exception; sufficiency of.*—When the bill of exceptions, after setting out a charge given by the court, adds, "and the defendant *objected,*" this sufficiently shows an exception to the charge.

2. *Authority of agent.*—Authority to sell, and to canvass for the sale of sewing-machines, does not, *per se,* confer on the agent the power to bind his principal by buying or hiring a horse or mule to aid him in carrying on the business.

3. *Ratification of agent's unauthorized act.*—If the contract between the agent and his principal bound him to furnish a horse or mule for his own use, the acceptance of the profits of his services would not bind his principal, on the doctrine of ratification, to pay for a horse purchased or hired by the agent on credit; and if the rule did apply in such case, a ratification by the principal could not be presumed, unless he had knowledge of the source and circumstances under which the money was earned by the agent.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. WM. L. WHITLOCK.

This action was brought by B. F. Ashley, against the "Howe Machine Company," a foreign corporation; and was commenced by attachment, sued out before a justice of the peace, on the 17th October, 1873. The case having been removed by appeal, on the part of the defendant, the plaintiff there filed a complaint, claiming $22, "due by account, for the hire of a mule or horse, on the —— day of ——, 1873;" to which the defendant pleaded the general issue, and issue was joined on that plea. On the trial, the following bill of exceptions was reserved by the defendant:

"On the trial of this cause, the plaintiff testified that he hired a mule to one Thomas N. Beason, as the agent of said defendant, and that the use or hire of said mule was worth $22. The defendant admitted that said Beason was its agent for the purpose of selling machines, but no further. The plaintiff then called one James L. Green as a witness, who testified that said Beason traded to him a sewing-machine wagon, for a horse, and that one Perry Ransom, district agent for said company, afterwards recognized such sale,

stating that said company had furnished said wagon to said Beason to get him a horse with. The defendant then read in evidence the deposition of Charles N. Bull, who testified as follows : 'I am not a member of the Howe Machine Company, but am an employee. I commenced acting for the said company in April, 1873, and resigned my position on the 20th August, 1874, which was that of manager of the Alabama and Mississippi district; and since that date I have acted as special agent. The said company authorizes the sale of the Howe sewing-machines in Alabama. The company appoints and employs agents to sell machines for said company. Perry Ransom was appointed as a district agent, and he appointed Thomas A. Beason as canvasser, and had authority to do so. Beason was appointed to canvass St. Clair county, Alabama. The company did not authorize said Beason to hire a mule, or any other sort of team, at the expense of said company, in order to enable him to sell machines for said company; and Perry Ransom had no authority to authorize him, said Beason, to hire a horse, or any other team, at the expense of the company. The company did not, at any time, furnish a canvasser with a horse, mule, or other team; but furnishes them with a wagon, at a monthly rate of $10.'

"The testimony on both sides being closed, the court charged the jury, that if Beason had authority from the company to sell sewing-machines, then he had also implied authority, at the company's expense, to employ any means that was necessary to carry out the object of his agency or authority; and the defendant objected. The court charged the jury, also, that if the company received any of the benefits by reason of the hire of said mule, then the company would be liable for the hire of said mule by Beason; and the defendant objected. The defendant then requested the court to charge the jury, that before the company would be liable for the hire of said mule by Beason, by receiving the benefits arising from the hire of said mule, the company must have had, at the time of receiving such benefits, a clear and distinct knowledge that it was the benefits arising from the hire of said mule. The court refused this charge, and the defendant excepted."

The charges given, and the refusal of the charge asked, are now assigned as error.

JAS. R. VANDERGRIFT, for appellant, cited *Fisher v. Campbell*, 9 Porter, 210; *Wood v. McCain*, 7 Ala. 800; *Powell's Adm'r v. Henry*, 27 Ala. 612; *Whitney v. Merchants' Express Co.*, 6 Amer. 207; *Cox v. Robinson*, 2 Stew. & P. 91; Chitty

on Contracts, 229; *Blevins v. Pope*, 7 Ala. 371; *Crawford v. Barkley*, 18 Ala. 270; *Whitesides v. Jennings*, 19 Ala. 784; 10 Amer. 145.

STONE, J.—The record shows that the two several charges, given by the court below, are sufficiently excepted to, to present each of them for our decision.—*Sackett v. McCord*, 23 Ala. 851.

2. One dealing with an agent is bound, at his peril, to inform himself of the extent of the agent's authority to bind his principal. Authority to sell, and to canvass for the sale of sewing-machines, does not, *per se,* confer the power to purchase or hire a horse or mule, to aid the agent's locomotion, and thus fasten a liability on the principal for the purchase price or hire. This depends on the terms of the contract, by which the agent was employed. The law does not presume the agent, in such service, is clothed with authority to bind his principal by such contract.—1 Brick. Dig. 55, §§ 35, 36; *McCreery v. Slaughter*, at the present term.

3. Nor does the doctrine of ratification, by receiving the products or profits of the agency, apply to such a case as this, if the agent was without authority to bind his principal in the matter of procuring the mule. If the contract was, that the agent should furnish his own horse or mule, then no implication arises against the company, from the act of receiving the profits or proceeds of the agent's services. Even if the rule did apply, then ratification by the principal could not be presumed, without knowledge of the source, and circumstances under which the money was earned and realized.—*McGowen v. Garrard*, 2 Stew. 479; *Alderson v. Harris*, 12 Ala. 580; 1 Brickell's Dig. 59, § 98; *Powell v. Henry*, 27 Ala. 612.

The Circuit Court erred in each of the charges given. The judgment is reversed, and the cause remanded.