# Clark *v.* Minge.

## *Garnishment.*

(Decided June 3, 1914. 65 South. 832.)

· 1. *Corporations; Officers; Powers.*—The president of a corporation has no greater power by virtue of his office than any other director, and his implied power depends on the nature of the business of the corporation, and the power delegated to him by the board of directors.

2. *Same.*—The treasurer of a corporation has the custody of its funds, and the president, as such, has no implied power to collect money due the corporation; it is the duty of the treasurer to receive corporate funds and collect debts.

3. *Garnishment; Liability of Garnishee.*—The president of a corporation who is indebted to the corporation does not pay the debts by placing the money in a safety deposit box over which he has absolute control; the money remains in his possession and is subject to garnishment in an action against the corporation.

4. *Same.*—Where the president of a corporation, at the time he was served as garnishee in an action against the corporation had, in his

custody, in a safety deposit box, over which he had exclusive control, money which belonged to the corporation, the money was in his possession under the letter of the statute, and under the letter of the writ of garnishment, and subject to the garnishment.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

John H. Minge sued the Faunsdale Oil Mill Company, and had garnishment in aid thereof served upon W. C. Clark, who was president of the corporation. From a judgment condemning certain money in Clark's hands, the garnishee appeals. Affirmed.

GEORGE PEGRAM, DAVIS & FITE, and BANKHEAD & BANKHEAD, for appellant. The answer of the garnishee not controverted in the mode prescribed by statute is to be taken as strictly true.—*White v. Hobard*, 90 Ala. 370. Where the answer of the garnishee is not contested, judgment must be rendered on the fact only, and if the answer does not admit liability, the garnishee should be discharged.—*Buford v. Welden*, 66 Ala. 818; *Hurst v. Ins. Co.*, 81 Ala. 174. The denial of the answer must be taken as true unless the answer contains admissions showing liability notwithstanding the express denial.—*Price v. Masenge*, 31 Ala. 701; *White v. Kahn*, 103 Ala. 308; *Jefferson County S. Bank v. Nathan*, 138 Ala. 344.

E. E. TAYLOR and LONDON & FITTS, for appellee. The president is not the alter ego of the corporation nor its financial head.—*Sampson v. Fox*, 109 Ala. 662; 3 Cook on Corporations, § 716; 36 L. R. A. 565. Money belonging to a corporation is subject to garnishment in the hands of its agent.—*Central P. Road v. Salmons*, 27 Ala. 380. The denial by the garnishee that he is indebted will be entirely disregarded if the facts he discloses show the reserve to be true.—*Perrine v. George*,

5 Ala. 641; *Mann v. Buford,* 3 Ala. 312; *Baker v. Moody,* 1 Ala. 315.

DE GRAFFENRIED, J.—John H. Minge brought a suit in the Marengo law and equity court against Faunsdale Oil Mill, a corporation, for the recovery of the sum of $5,340.  The complaint in this case was filed on May 31, 1912, and on the same day in aid of said suit and ancillary thereto, a writ of garnishment at the suit of said Minge was issued to W. C. Clark, who is the appellant here.  A copy of the summons and complaint was served upon the defendant, the Faunsdale Oil Mill, on June 3, 1912, and on the same day the writ of garnishment was served upon the said Clark.  Under the mandate of the writ of garnishment the said Clark was required to answer whether, at the time of the service of the garnishment or at the time of making his answer, or at any time intervening between the time of serving the garnishment and making answer thereto, "he is indebted to the said Faunsdale Oil Mill, or whether he will not be indebted to the defendant oil mill company in the future by contract then existing, or will be liable to said oil mill, by contract then existing, for the delivery of personal property, or the payment of money, which may be discharged by the delivery of personal property, or which is payable in personal property, or whether or not he has in his possession or under his control money or effects belonging" to the oil mill.  A judgment for $5,360 was rendered in favor of the said Minge against the said oil mill company on March 5, 1913.

Clark, the garnishee, made an oral answer to the writ of garnishment, and, accepting the version of it which is most favorable to him, the answer was about as follows: That he is the president of said Faunsdale Oil Mill, and one Pruitt is its treasurer.  That on June

1, 1912, three days before the service of the writ of garnishment, he owed the oil mill $2,500, and that on said day he paid said debt by placing in a safety deposit box in a bank in Jasper, Ala., the sum of $2,500 in cash. That said cash was there in said box *at the time* of the service of said writ of garnishment, and was, after the service of such writ, used by him in paying debts of said Fausdale Oil Mill. That he did not rent the safety deposit box simply to put in it the said $2,500. That he had it before, and had other things in it, part of which belonged to him, and part of which belonged to the oil mill. That the safety deposit box was rented by him, but was the safety deposit box of the Faunsdale Oil Mill, and that, when he put the $2,500 in the box, the money was the money of the oil mill, and not *his* money.

The answer of Clark, we think shows beyond doubt that Clark alone had access to or claimed the right to go into or open said safety deposit box. If any other person knew that the oil mill had such a box—rented by Clark in his own name, and evidently under his exclusive control—the answer fails to show it.

1. A president of a corporation—
"has no greater power, by virtue of his office merely, than any other director of the company, except that he is presiding officer of the meetings of the board."—*Sampson v. Fox,* 109 Ala. 662, 19 South. 896, 55 Am. St. Rep. 950.

"The implied powers of the president of a corporation depend upon the nature of the company's business, and the measure of the liability delegated to him by the board of directors."—*Sampson v. Fox, supra.*

If the president of the Faunsdale Oil Mill was authorized to collect the debts due the corporation, the evidence fails to disclose it, and certainly there is noth-

ing in the evidence from which it can be inferred that he had the power to pay a debt *due* by him to the corporation by placing the money due in a safety deposit box to which he alone had access, and over which he exercised exclusive dominion.

2. The Faunsdale Oil Mill has a treasurer. The treasurer of a corporation is the party to whom is committed the custody of its funds. While other officers or agents may have the power to collect money due the corporation, and may also have the power to retain the custody of and pay out such funds, no such power impliedly belongs to a president of a corporation simply because he is president. The implied duty of the treasurer is, however, to receive and guard the funds of the corporation, and he is the party who possesses the implied power to collect debts due the corporation, of which he is the treasurer. *In re Millward-Cliff Cracker Co.'s Estate,* 161 Pa. 157, 28 Atl. 1072.

In so far as the evidence in this case is concerned, we think that it is clear that the placing of the money by Clark in the safety deposit box was no payment by him of his debt to the company. He admits that he owed the oil mill $2,500. If he desired to pay it, then he should have paid it to the treasurer of the corporation. The party who possessed the power, and was charged with the duty of keeping the money of the company, and of paying it out upon the proper orders, would then have been in possession of it.

3. In adition to the above—taking Clark's view of the matter, i. e., that on June 3, 1912, he was in possession of $2,500 of funds of the oil mill by virtue of the fact that he, as a private individual, had paid to himself, as president, a debt which he owed the corporation—Clark was liable, on his own evidence, as garnishee. We quote the following from the case of *Central Plank Road v. Sammons & Dotes,* 27 Ala. 380, cited by counsel for ap-

[Clark v. Minge.]

pellee in their brief, and which we approve as the present law of this state:

"The garnishee in this case does not materially differ from any other agent who collects money for his principal. He has collected a certain amount for the company, which he has in his hands. For that sum the appellant could maintain an action. * * * The statute says the attachment may be executed 'by summoning any person indebted to, or having in his possession, or under his control, property belonging to the defendant.' The garnishee in this case certainly comes under one or the other of the classes described in the statute. If he holds the funds as a mere depository for the company, he holds its property or effects; if he does not, yet, having collected such funds, he is debtor to the company."

In this case, when the writ of garnishment was served upon Clark, he, according to his contention, as the president of the corporation, had in his custody—in his possession—in a safety deposit box $2,500 in money which belonged to the oil mill. That money was, according to Clark's contention, the *money of the oil mill.* It was *in his possession* because he had possession of the deposit box, and of its contents. That money was, under the letter of our statues, and under the letter of the writ of garnishment which was served upon Clark, liable to condemnation in the garnishment proceeding. Upon neither theory of this case could Clark escape liability in this proceeding for said sum of $2,500. The trial court committed no error in rendering judgment against Clark, and the judgment of the court below must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.