167 So. 271

**W. T. RAWLEIGH CO. v. PHILLIPS et al.**

**7 Div. 345.**

Supreme Court of Alabama.

April 9, 1936.

John D. Bibb and W. D. De Bardclaben, both of Anniston, for appellant.

McCord & McCord, of Gadsden, for appellees.

Brief did not reach the Reporter.

FOSTER, Justice.

This is an action against appellees on an account for goods sold by plaintiff to one of them (Phillips) under a written contract, with the other defendants as sureties. The contract was renewed from time to time by separate instruments to that effect. The defense was payment by an agreement with Brown, as plaintiff's assistant sales manager, to accept in full payment accounts for some of the goods resold by Phillips on time. There was a conversation between them near the close of these dealings, as to the terms of which they differ. Phillips claims in one aspect that Brown agreed to receive the accounts in full settlement; in another, that as they would collect the accounts they would credit his account, and if there was a balance, after paying it in full, they would pay it to him. It is not claimed that Brown received the accounts for the company and sent them to the company. But Phillips testified that he sent them to the company.

Of course, any contract made by Brown to be binding on the company must have been in the scope of his authority, express or implied, or afterwards legally ratified or adopted. The evidence is that he had no such express authority. The only implied authority results from the implications of the title of his position with plaintiff. The evidence is that he was the assistant sales manager for plaintiff.

Ordinarily, a salesman is not impliedly vested with authority to collect accounts for sales which had been previously made on a credit. Simon v. Johnson, 101 Ala. 368, 13 So. 491; Simon v. Johnson, 105 Ala. 344, 16 So. 884, 53 Am.St. Rep. 125; 2 Corpus Juris 605.

A general manager has broad powers and implied authority to control the affairs of the company. Modern Order of Prætorians v. Childs, 214 Ala. 403, 108 So. 23; Sheip v. Baer, 210 Ala. 231, 97 So. 698. The manager of a specified branch of a business likewise has general charge, direction, and control of that branch. 14a Corpus Juris, 95. The manager of "sales" implies that his department is that which is ordinarily so understood, which, as we have shown, does not carry the idea of the collection of credit accounts. And an assistant manager carries the idea of subordination to the manager. Webster's Dictionary. It implies that his authority is subject to the limitations imposed by the manager.

In this case, the evidence is that his authority to settle accounts was limited to the receipt of cash or the negotiable note of the debtor. So that the version of the transaction with Brown, treated in its aspect most favorable to Phillips, should be considered as one with an

agent without due authority. When such an agent makes a contract for his principal, the latter may accept or reject it. If he sues on it, he is, at least for the purposes of that suit, treated as accepting it as made by his agent and as adopting such representations and warranties, and is bound by them to the extent that he would be when made by an agent with authority to do so. That result is not dependent upon the existence of notice to him, express or implied, of such representations and warranties. The subject has been thus treated in many of our cases. We cite some of them: American Agricultural Chemical Co. v. Lowery, 227 Ala. 96, 148 So. 849; Capital Security Co. v. Owen, 196 Ala. 385, 72 So. 8; Philips & Buttorff Mfg. Co. v. Wild Bros., 144 Ala. 545, 39 So. 359; Williamson v. Tyson, 105 Ala. 644, 17 So. 336; Brenard Mfg. Co. v. Cannon, 209 Ala. 626, 96 So. 760; J. B. Colt Co. v. Price, 210 Ala. 189, 97 So. 696.

But the rule is different when the principal is not the actor suing on the contract made by an unauthorized agent. In such cases, the burden is on one asserting a ratification to show that the conduct of the principal to that end was with notice of what the agent had done. Herring v. Skaggs, 73 Ala. 446; Howe Machine Co. v. Ashley, 60 Ala. 496; Powell's Adm'r v. Henry, 27 Ala. 612; McGowen v. Garrard, 2 Stew. 479.

But the rule also is that when one is authorized in the collection of a debt to receive money only, if he accepts goods in payment and sends them to his principal, his principal is not bound by such act of his agent, by receiving and accepting them thus taken by him in the absence of notice, express or implied, that his agent has accepted them in payment. Such notice will not be implied at least without knowledge that the goods came from the debtor. Howe Machine Co. v. Ashley, supra; Powell's Adm'r v. Henry, supra. But if the agent receives and accepts goods in payment beyond his authority, and sends them to the principal, showing the source, it is "the duty of [the principal] to inquire, and of [the agent] to communicate, under what arrangement [they] had been obtained. In the absence of any evidence to the contrary, the presumption is that these duties were performed. If not, and [the principal] received the deed blindly, without receiving or making any inquiry,

he must be deemed to have confided the whole matter to his attorney, and adopted whatever arrangement the latter may have made to obtain the deed." Jones v. Atkinson, 68 Ala. 167, quoting from Meehan v. Forrester, 52 N.Y. 277.

Assuming that the jury could find from the evidence of Phillips that plaintiff's assistant sales manager agreed to accept the accounts from him in full settlement, he did not turn them over to such manager pursuant to the alleged agreement, but he says he sent them to the company and wrote them, "that they were to take the accounts and collect what they could on them and credit my account with that, and if there was any excess they were to send it to me." The effect of which was to make them security for his debt rather than a payment of it. There is no occasion for the principle of implied notice when Phillips himself gives express notice of the nature of the arrangement. He is not in position to claim that the company had implied notice beyond that so expressed by him.

There was some evidence from which it is contended that when Phillips signed the first contract, one Fuller, who presented it to him for plaintiff, made some remarks which implied that plaintiff would accept accounts for goods sold in settlement of what Phillips might owe for them. It may be doubted if such remarks could be so interpreted. But the evidence shows no such authority in Fuller. But upon the assumption that plaintiff adopted what Fuller did or said by suing on the contract, the only effect was to prevent plaintiff from denying that Fuller had the authority so to represent it. But defendants could not profit by a verbal agreement in contravention of the written contract made in and about or prior to its execution. Fulton v. Sword Medicine Co., 145 Ala. 331, 40 So. 393. The contract purports to be complete, and to express all the features of the transaction. No sort of parol evidence as to contemporaneous or prior transactions or statements could enlarge the contract by adding an obligation not there expressed, nor change any of its material features.

We think therefore no consideration should have been given to such evidence on the issues as made.

The trial was not conducted on the theories which we think have application.

We need not specify the various assignments of error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.