178 So. 536

LUQUIRE FUNERAL HOMES INS. CO. v. TURNER.

6 Div. 185.

Supreme Court of Alabama.

Jan. 27, 1938.

W. Perry Calhoun, of Dothan, and Merrill, Jones & Merrill, of Anniston, for petitioners.

Ernest Matthews, of Birmingham, Thos. E. Buntin, of Dothan, E. W. Pettus, of Selma, and Niel P. Sterne, of Anniston, for respondent.

306

Thos. E. Skinner, of Birmingham, for appellant.

Taylor & Higgins, Waldrop Windham, Coleman & Seay, and Frank Parsons, all of Birmingham, for appellee.

FOSTER, Justice.

This is a suit for personal injuries sustained in an automobile collision.

Appellant makes two contentions which we will discuss. The first is that it does not sufficiently appear that the driver of defendant's car, which collided with that in which plaintiff was riding as a passenger, was acting in the line and scope of his employment at the time when the collision occurred.

The driver was made a party defendant, but was stricken during the course of the trial. To prove that he was acting in the line and scope of his authority, he was called to testify as a witness for the plaintiff. Counsel on both sides seem to agree that his testimony is all there is in the record on that subject. But of course it is to be construed and given effect in connection with applicable legal presumptions. He testified that he had been employed by defendant for about four years as general field manager; that his duties were to oversee all the field men and their agents, practically all over the state. In doing so, he operated an automobile. It does not clearly appear that the automobile was owned by defendant. His evidence, which is all there is on the subject, when asked if he was "driving one of *their* automobiles," answered: "I was driving an automobile; *yes, sir.*" This was not a direct answer that it was one of defendant's, and we cannot so interpret it.

■ The presumption which arises when the evidence shows that the car belonged to defendant, especially when driven by an employee of defendant, that he was acting in the line and scope of his employment, cannot therefore be given effect. Toranto v. Hattaway, 219 Ala. 520, 122 So. 816, and cases there cited; Alabama Power Co. v. McGehee, 228 Ala. 505, 154 So. 105, and cases cited.

But the evidence showed that the accident occurred about 7:30 in the morning; that Parker, the driver of the car which was in the collision, had left home and was going to the Norwood funeral home of defendant. He had been instructed by defendant's president the day before to pick him up at the funeral home about 8 o'clock that morning, and carry him to Montgomery to a convention of the Alabama Funeral Directors Association, which was to be held that day in Montgomery, beginning at 10:30; they were to attend it, and wanted to be on time. Defendant also had an office in Montgomery, and it was Parker's duty to take care of that office; and he had in his car some advertising literature and office supplies for that office. He was on his way to pick up Mr. Luquire, the president of defendant, as he had been directed, when the collision occurred. He had no certain hours of employment. Sometimes he would be engaged until 10 or 11 o'clock at night, and sometimes out at six in the morning.

■ Appellant invokes the principle that when an employee is on his way from home to the place of his employment he is not ordinarily then engaged in the performance of his duties, since those duties do not begin until he arrives at the place of performance. But that principle has no application here. Parker had no definite place where he habitually performed his duties. His duties were to go about the state and visit the field agents and branch offices and supervise their work. He is engaged in the duties of his employment and in its line and scope as soon as he starts on a journey in their performance.

■ The only question here is whether the journey on which he had started was in the performance of his duties as field manager of defendant. If he and Mr. Luquire, the president of the company, had arranged for a trip to Montgomery on some personal enterprise or for pleasure, it may not have been in the scope of their duties as an officer and employee of defendant. But if their purpose was to attend an association of funeral directors, though they did not belong to it, as a method of promoting the business of the company by personal contact with the funeral directors, we cannot say that the jury would not be authorized to find that it was within the implied powers of the president of the company to do so himself, and have the field manager also to attend for the same purpose. There was no evidence showing the authority confer-

red by the directors on the president; nor what duties he customarily performed. When so, he has no more implied powers over the property and funds of the corporation nor to make contracts than any other director, but his implied powers depend in a measure upon the nature of the business. Clark v. Minge, 187 Ala. 97, 65 So. 832; Sampson v. Fox, 109 Ala. 662, 19 So. 896, 55 Am.St.Rep. 950. Many cases hold that he has implied authority to employ servants of a minor sort. 14 Corpus Juris 429, notes 71 to 74.

■ The authority of the field manager may also be such as that he could attend such an association, if he thought it was in the interest of field management. Modern Order of Prætorians v. Childs, 214 Ala. 403, 108 So. 23; Rawleigh Co. v. Phillips, 232 Ala. 124, 167 So. 271.

■ Moreover, the evidence also showed that defendant had a branch office in Montgomery, under supervision of Parker, and he had advertising matter and supplies to be delivered to it on this trip. We think the question was properly left to the jury.

There was a verdict fixing plaintiff's damages at $8,250. The trial court on motion for a new trial because the verdict was excessive reduced the amount to $5,000.

■ The rule is that the amount of damages for physical pain and bodily injuries of a permanent sort, not subject to measurement by a legal standard, is largely discretionary with the jury, and that discretion will not be set aside unless so excessive as to show prejudice, passion, partiality, corruption, or some other such controlling sentiment. Whitman's Fifth Ave. Garage Co. v. Ricks, 211 Ala. 527, 101 So. 53; Veitch v. Southern Ry. Co., 220 Ala. 436, 126 So. 845; 2 Alabama Digest, Appeal and Error, p. 770, ☜1004.

■ The trial judge doubtless had this rule in mind and applied it when he reduced the verdict to $5,000. But whether we should still reduce it involves a review of his judgment based upon his observation of plaintiff who testified in the case, as well as that of all the witnesses and other incidents of the trial which cannot be reflected in a transcript. The amount to which he reduced the verdict still seems rather large, but we are not willing to set aside his judgment, which is based on a situation not available for observation by us.

We conclude therefore to affirm the judgment.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.