# CENTRAL PLANK-ROAD CO. *vs.* SAMMONS & DOTES.

[ANCILLARY ATTACHMENT AND GARNISHMENT.]

1. *Toll-gate keeper may be garnisheed.*—Process of garnishment lies against the keeper of a toll-gate belonging to an incorporated plank-road company, to subject the money in his hands as the property of the company.
2. *Garnishee must answer as to present indebtedness.*—Under the Code (§ 2517) a garnishee is required to answer as to his indebtedness, not only at the time of the service of the summons, but also at the time of making his answer, and whether he will not be indebted in future by a contract then existing ; and judgment must be rendered (§ 2541) for the admitted indebtedness.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. ANDREW B. MOORE.

THE appellees brought an action against the appellant on certain promissory notes, and recovered judgment thereon.

Pending the suit, an ancillary attachment was sued out, and one John B. Hubbard was summoned as a garnishee; who answered, "that at the service of said writ of garnishment, he was toll-gate keeper of toll-gate No. 1, in the employ of said company, and as such he had received, and had then in his possession, the sum of $74 35, after deducting all wages due to him; that at the time of making this answer, he is still in possession of said sum of money, and an additional sum of $5 51 received by him for said company as toll-gate keeper since the date of said levy; that there is no contract existing between him and said company, by which he will be in future indebted to said company; and that he has not in his possession any real or personal property, or things in action, belonging to said company." On this answer the defendant in attachment moved the court to discharge the garnishee; "which motion, being considered of by the court, was overruled, and the defendant excepted"; and judgment was then rendered against the garnishee, for the amount of money admitted by his answer to be in his hands, after deducting his expenses. This judgment is now assigned for error.

ELMORE & YANCEY, for the appellant, insisted,—

1. That the keeper of a toll-gate occupies the position of a clerk in a store who has charge of the money drawer, or of the cashier of a bank. He has no right to use the money which he collects, not even to exchange it for different funds; and though the money is actually in his possession, yet it is deemed in law to be in the possession of his principal. A fund collected by such an agent is no foundation for an action at law by his principal, until there has been a failure to pay over on demand.—Tapham v. Braddick, 1 Taunt. 572. An attaching creditor cannot subject a fund in the hands of a garnishee, for which the defendant in attachment could not maintain an action at law.—Cook v. Walthall, 20 Ala. 334; Roby v. Labuzan, 21 ib. 60; Walke v. McGehee, 11 ib. 273; 7 Mass. 438.

2. The garnishment relates to the time of its service, so far as the lien is in question, and does not give a lien on effects which have since come to the garnishee's hands.—Roby v. Labuzan, supra; Hazard v. Franklin, 2 Ala. 349; Clay's Digest, 59, § 19; Code, § 2517.

CHILTON, C. J.—Without intending to decide that there may not be cases of simple bailment where the subject-matter would be beyond the reach of the process of garnishment, we are of opinion that this is not one of them. The garnishee in this case does not materially differ from any other agent who collects money for his principal. He has collected a certain amount for the company, which he has in his hands. For that sum the appellant could maintain an action; and conceding that, in order to maintain such suit, there must be a demand and refusal to pay, yet the reason of this rule,—which was to prevent agents, who acted in good faith, from being put to costs by suit before they were put in default—does not apply to cases of garnishment, since the creditor has no right to demand it except by summons, and the garnishee is protected against the cost. The statute says, the attachment may be executed " by summoning any person indebted to, or having in his possession, or under his control, property belonging to the defendant." The garnishee in this case certainly comes under one or the other of the classes described in the statute. If he holds the funds as a mere depositary for the company, he holds its property or effects; if he does not, yet, having collected such funds, he is debtor to the company.

The court properly gave judgment for the amount due from the garnishee to the company at the time of answering. The Code (§ 2517) expressly requires the garnishee to answer what he was indebted at the time of making his answer, and whether he will not be indebted to the defendant in future by a contract then existing, &c.; and if he answer to an indebtedness, section 2541 provides for rendering judgment on the answer.

Judgment affirmed.