CASPAR NOLTE

V.

FRANCIS A. VON GASSY, use, etc.

1. GARNISHMENT—PROMISSORY NOTES.—Where appellee, defendant in attachment, absconded, leaving in the custody of his clerk a safe containing, among other things, the promissory notes of appellant, then past due, and A, to whom appellee was indebted, sued out a writ of attachment and gar-

Nolte v. Von Gassy.

nished the clerk, who opened the safe and delivered the notes to the sheriff, who levied upon and held the same by virtue of his writ, and afterward B obtained a writ of attachment against appellee and garnished appellant. *Held*, that the steps taken were sufficient to give A a prior lien, *prima facie*, at least, upon the choses in action which were so surrendered by the clerk to the sheriff.

2. WHEN CLERK OR CASHIER MAY BE GARNISHED.—While ordinarily the statutes of this State would not warrant a garnishment against the clerk or cashier of a banking or mercantile firm when such firm was engaged in the customary and usual transaction of business, yet where the business is wholly suspended by the absconding of the principal, who has never returned or been heard of, in such case the terms used in Section 21 of Chapter 11, and Section 5 of Chapter 62, are broad enough to include the case of a clerk or cashier.

APPEAL from the County Court of Effingham county; the Hon. SYLVESTER F. GILMORE, Judge, presiding. Opinion filed October 10, 1884.

1.  A writ of attachment from the County Court of Effingham county, Illinois, at the suit of William P. Surrelis against Francis A. Von Gassy, dated April 22, 1884, and served April 23, 1884, on Caspar Nolte, garnishee.

2.  Interrogatories to garnishee.

3.  Answer of garnishee disclosing that:

On June 11, 1881, Charles H. Nolte gave Von Gassy his note for $350, due fifteen days after that day, which note the garnishee signed as surety only; that payments have been made and leave due on the note $20 only.

That on May 20, 1882, garnishee gave to Von Gassy his note for $357, due September 20, 1882; that payments have been made, and leave due on the note $188.90 only.

That on April 19, 1884, Von Gassy absconded, has not returned and has never been heard of. He left the two notes in a package of notes in his bank safe, and attached to the package a slip of paper on which he wrote: " These notes to be given to my assignee."

That on April 21, 1884, and before the service of the writ on garnishee, the sheriff of said county, by virtue of a writ of attachment from the circuit court of said county, at the suit of one Joseph Partridge against said Von Gassy for over

$9,000 debt, returnable to the October term, 1884, of said circuit court, garnisheed one Frank Ewers; that Ewers had been the clerk of Von Gassy until April 19, 1884, when Von Gassy absconded; that Ewers having knowledge of the combination of the safe, opened the same and delivered the notes to the sheriff, who took them and levied on them; that the notes are now in the sheriff's custody by virtue of said writ and levy, and the garnishment of Ewers, and that the suit of Partridge against Von Gassy is pending undetermined in said circuit court.

4. Judgment of county court against garnishee for $208.90.

Mr. JOHN C. WHITE, for appellant; that the notes were property, cited 2 Blackstone's Com. 388, 397; Herman on Executions, § 115; Adams v. Hackett, 7 Cal. 203; Davis v. Mitchell, 34 Cal. 88; Allison v. King, 21 Ia. 304; Harrison v. Willis, 7 Heisk. 35.

The notes are subject to levy and sale under the writ of attachment: Drake on Attachment, §§ 7, 244c, 247; R. S. 1874, Ch. 11, §§ 1, 8, 36; Ch. 62, §§ 5, 20, 23; Davis v. Mitchell, 34 Cal. 88; Brown v. Anderson, 4 Martin, 416; Herman on Executions, §§ 123, 124; Collier v. Stanbrough, 6 Howard, 21; Freeman on Executions, § 112.

If not the subject of levy and sale, still the notes in the possession or power of Ewers were the subject of garnishment and were held by the service of the writ on him in the suit of Partridge: R. S. 1874, Ch. 11, § 21; Ch. 62, § 20; C. P. R. R. Co. v. Sammons, 27 Ala. 380; First Nat. Bank v. D. & St. P. R. R. Co., 45 Ia. 127; Ballston Spa Bk. v. M. Bk., 18 Wis. 493; Everdell v. S. & F. D. L. R. R. Co., 41 Wis. 395; Freeman on Executions, § 161: Drake on Attachment, § 479.

Mr. FRANK W. BLAIR, for appellee; that the agent is not liable as garnishee, cited Drake on Attachment, § 465a.

WALL, J. It appears that Von Gassy, the defendant in attachment, absconded, leaving in the custody of Ewers, his

Nolte v. Von Gassy.

clerk, a safe containing, among other things, the promissory notes of Nolte, then past due.

Partridge sued out a writ of attachment and garnisheed Ewers, who opened the safe and delivered the notes to the sheriff, who levied upon and held the same by virtue of his writ.

Afterward Surrells obtained a writ of attachment against Von Gassy and garnisheed said Nolte.

By the Attachment Act every species of property of the defendant embraced within the terms "lands, tenements, goods, chattels, rights, credits, moneys and effects" may be reached and appropriated to the payment of the debt sued for. Secs. 1, 6, 8, Ch. 11 R. S.; and by Sec. 21 of the same chapter, when the sheriff or other officer is unable to find sufficient "property" he shall summon as garnishees the persons mentioned as such in the writ, "and all other persons in his county whom the creditor shall designate as having any property, effects, choses in action or credits in their possession or power belonging to the defendant, or who are in anywise indebted to the defendant."

By chapter 62, entitled Garnishment, the mode of proceeding after the garnishee is summoned is provided.

The garnishee must answer touching the matters in his possession, custody or charge, belonging to defendant; adverse claimants may be heard, and the court being fully advised will make such order as may be necessary to protect the rights of all concerned; but no final judgment can be rendered against the garnishee until the plaintiff shall have recovered a judgment against the defendant in attachment. Section 20 of this chapter provides that "When any garnishee has any goods, chattels, choses in action or effects other than money, belonging to the defendant or which he is bound to deliver to him, he shall deliver the same, or so much thereof as may be necessary, to the officer who shall hold the execution in favor of the plaintiff in the attachment suit or judgment, which shall be sold by the officer and the proceeds applied and accounted for in the same manner as other goods and chattels taken on execution."

Without stopping to determine whether the action of the clerk, Ewers, in delivering the note to the officer when garnished was premature, and whether he should have waited until there was an adjudication of the principal question as to the claim of the plaintiff against the defendant in attachment, and the secondary question whether the effects in the hands of the garnishee should be subjected to the payment of that claim, we think the steps taken were sufficient to give to Partridge a prior lien *prima facie*, at least upon the choses in action which were by Ewers so surrendered to the sheriff.

If Partridge succeeded in his proceedings the result would be to subject these choses in action to the payment of his demand and the legal effect would be to transfer the ownership of them from Von Gassy to some other person who might acquire the same under these proceedings; in other words a statutory assignment would occur, and the maker of the notes would be bound to pay them to the person to whom they were thus assigned.

However, when such a state of facts appeared, the maker would have a right to insist that he should not be made subject to a later garnishment until the former proceeding was disposed of in such manner as to relieve him from its operation.

But it is urged that the clerk, Ewers, was not properly garnisheed for the reason that the statute contemplates a proceeding against *third persons*, that is, persons who do not stand in such relation to the defendant that their garnishment is in fact but the garnishment of the defendant himself.

In support of this position, Drake on Attachment is cited, Sec. 465a. This is the text, but the authorities referred to show that there is serious conflict in the adjudications upon the question.

It is obvious that as the whole subject is purely statutory, the decisions of the various States can furnish but little aid in the premises, except in cases where the statute is similar to the one under consideration.

It is also obvious that ordinarily the statute of this State

Nolte v. Von Gassy.

would not warrant a garnishment against the clerk or cashier of a banking or mercantile firm when such firm was engaged in the customary and usual transaction of business; but the case alleged at bar, is, that Von Gassy had absconded, had not returned, and had never been heard of.

Such a state of facts of course implies a total suspension of the business relations existing between him and his clerk.

By Sec. 21 of Ch. 11, the garnishment will reach any of the matters designated which may be in the "possession or power" of the garnishee, and by Sec. 5, Ch. 62, the garnishee must make answer touching all the matters referred to in his "possession, custody or charge."

These terms are certainly broad enough to include the case of a clerk or [cashier, and while it might well be contended that in ordinary cases where business is being conducted in the usual way, such clerk or cashier, if within the letter is not within the spirit of the law, yet in the case before us, where the business is wholly suspended by the absconding of the principal, who has never returned or been heard of, we think he is within both the letter and the spirit of the law.

It is apparent that a different construction might lead to an evasion of the statute and might enable an absconding and fraudulent debtor to successfully baffle his creditors and set the law at defiance.

As was said by the court in the case of 1st Nat. Bank, etc., v. The D. & St. P. R. R. Co., 45 Iowa Rep. 128, "the fallacy of appellee's argument is in placing the duty of the garnishee to his principal above his duty to the mandate of the law." See also C. P. R. Co. v. Sammons, 27 Ala. 380; B. S. Bk. v. Marine Bk., 18 Wis. 490; Everdell v. S. & C. R. R. Co., 41 Ibid. 395.

We are therefore of opinion that the judgment of the court below was erroneous, and it is reversed and the cause remanded.

Reversed and remanded.