(*Circuit Court of Cook County.*)

## Joseph B. Weil

### vs.

## National Post Card Company, of New York.

(June, 1907.)

ATTACHMENT — RELEASE OF, BY EXECUTION OF RECOGNIZANCE, WHERE NO PROPERTY HAS BEEN PHYSICALLY TAKEN UNDER THE ATTACHMENT. Under sec. 15 of the Attachment Act, a defendant may by entering into a recognizance in open court conditioned that he will pay the amount of the judgment and costs which may be rendered against him in the suit, release the garnishee from the operation of the attachment though no property has been physically attached.

Motion to release garnishee in attachment proceedings by entry into a recognizance. Heard before Judge John Gibbons.

*Max Robinson,* attorney for plaintiff.

*Blum & Blum,* attorneys for defendants.

GIBBONS, J.:—

This is an attachment proceeding wherein no property has been physically taken, but a number of persons said to be indebted to the defendant have been garnisheed, and defendant, in order to release those garnisheed from the operation of the attachment, seeks to enter into a recognizance in open court, conditioned that the defendant will pay the amount of the judgment and costs which may be rendered against it in the suit, as it claims it has the right to do under section 15 of the attachment act. The learned counsel for plaintiff resists the motion, contending that where no property is taken under the attachment writ the statute does not authorize the giving of a bond or the entry of a recognizance, and hence arises the question as to what is the true intent and meaning of sections 14 and 15 of the attachment act, which read as follows:

"Section 14.—The officer serving the writ shall take and retain the custody and possession of the property attached, to

answer and abide by the judgment of the court, unless the person in whose possession the same is found shall enter into bond and security to the officer, to be approved by him, in double the value of the property so attached, with condition that the said estate and property shall be forthcoming to answer the judgment of the court in said suit. The sheriff, or other officer, shall return such bond to the court in which the suit is brought, on the first day of the term to which such attachment is returnable.

"Section 15.—Any defendant in attachment, desiring the return of property attached may, at any time except in term time, at his option, instead of or in substitution for the bond required in the preceding section, give like bond and security, in a sum sufficient to cover the debt and damages sworn to in behalf of the plaintiff, with all interest, damages and costs of suit, conditioned that the defendant will pay the plaintiff the amount of the judgment and costs which may be rendered against him in that suit, on a final trial, within ninety days after such judgment shall be rendered. In term time, a recognizance, in substance as aforesaid, may be taken in open court, and entered of record, in which case the court shall approve of the security and the recognizance made to the plaintiff, and upon a forfeiture of such recognizance judgment may be rendered and execution issued as in other cases of recognizance. In either case, the attachment shall be dissolved, and the property taken restored, and all previous proceedings, either against the sheriff or against the garnishees, set aside, and the cause shall proceed as if the defendant had been seasonably served with a writ of summons."

So far as I have been able to ascertain the precise question here involved has not been passed upon by the courts of this state. Section 14 of the attachment act provides for a forthcoming bond that may be given by the defendant to the sheriff, or other officer, for the purpose of enabling the defendant to retain the control of property levied upon under an attachment writ until final judgment. The condition of such a bond is that the defendant will surrender the property to the sheriff, or other officer, and that said property

shall be forthcoming to answer the judgment of the court in the suit in which the attachment writ was issued.

In the recent case of *Snyder v. Powell,* which has not yet been officially reported, the appellate court of this district holds that the court could not compel the officer to accept from the defendant a forthcoming bond or to surrender the property attached to the defendant. Consequently, the court holds that an order committing the constable for contempt because of such refusal on his part to comply with an order directing him to accept a bond and surrender the property was null and void, as the court was without jurisdiction in the premises.

Section 15 of the same act provides that "any defendant in attachment, desiring the return of the property, may, at any time except in term time, at his option" enter into a recognizance in open court or give bond to the sheriff conditioned that the defendant will pay the plaintiff the amount of the judgment and costs which may be rendered against him in that suit, on a final trial, within ninety days after such judgment shall be rendered. "In either case, the attachment shall be dissolved, and the property taken restored, and all previous proceedings, either against the sheriff or against the garnishees, set aside, and the cause shall proceed as if the defendant had been seasonaby served with a writ of summons."

Under section 14, the property—the thing itself, shall be forthcoming to answer the judgment. While under section 15, all previous proceedings either against the sheriff or against the garnishees set aside, and the cause shall proceed as if the defendant had been seasonably served with summons. Why should the legislature have used the word garnishees in the latter section and not in the former if this section was not intended to apply to a case similar to the case at bar? The legislative intention becames the more apparent by the use of the word either—all previous procedings either against the sheriff or against the garnishees set aside, and the cause shall proceed, etc.

The evident purpose of the statute is to enable a defendant

to exercise the option of permitting the cause to proceed in the usual way or to give a recognizance to pay whatever judgment might be rendered against him and thereafter the cause would proceed *in personam* the same as if no writ of attachment had issued. Indeed, our supreme court has held that the giving of such bond for the payment of the judgment entirely does away with the attachment, and makes the action simply one in assumpsit. *People v. Cameron*, 2 Gilman, 468; *Hill v. Harding*, 93 Ill. 77.

Counsel contends that section 21 of chapter 11, being the attachment act, provides only for the service of garnishee process in case the sheriff is unable to find property of any defendant sufficient to satisfy the attachment writ. But that is not a correct construction, because the supreme court had held that it is not necessary to have a return of *nulla bona* before garnishment processs may be served. *Cariker v. Anderson*, 27 Ill. 358. It is quite manifest that a chose in action is property. Bouvier's Law Dictionary, 387; *Burgess v. Capes*, 32 Ill. App. 372; *Capes v. Burgess*, 135 Ill. 61. Moreover, the appellate court has held that the garnishment act and section 15 of chapter 11 above quoted are to be construed together. *Burgess v. Capes*, 32 Ill. App. 372.

That a chose in action is regarded as property is shown by a reference to the garnishment act. Section 20 of chapter 62, Starr & Curtiss Ann. Statutes, provides for the surrender by the garnishee to the sheriff of goods, chattels, choses in action or effects other than money belonging to the defendant. See *Nolte v. Von Gassy*, 15 Ill. App. 230.

Section 21 of the same act provides regarding goods that are mortgaged or pledged and are in the hands of a garnishee. And section 23 provides that all goods, chattels, choses in action and effects received by the officer under either of the two preceding sections shall be sold and disposed of in the same manner as if they had been taken on execution. Section 25 of the same act provides that if any garnishee refuses or neglects to deliver any goods, chattels, choses in action or effects in his hands when thereto lawfully required by the court shall be liable to be attached and punished as

for contempt and gives the court power to award execution against the garnishee. It thus appears that if the chapter on garnishment and chapter on attachment are construed together, and they must be, according to the decision of the appellate court above cited, then it follows that the legislature has recognized choses in action as property. Independently of the decision of the appellate court above cited it is a familiar rule of construction that where different statutes relate to the same subject they must be construed together. A further citation upon this point is unnecessary.

There certainly can be no question but that the money of the debtor in the hands of a bank may be attached where the defendant is a non-resident, and this property will give the court jurisdiction. *Pomeroy v. Rand,* 157 Ill. 176; American & English Encyclopedia of Law, page 1101, par. 4; page 1107, par. 2; page 1197, par. 16; page 1108, par. 9. In the last section it is said that the service of process of garnishment operates to place the property in the hands of the garnishee, constructively *in custodia legis* and is an effectual attachment of the property and effects of defendant in the garnishee's possession.

It follows that the motion of defendant for leave to enter into a recognizance must be sustained and it is so ordered.